# EXHIBIT C

11/16/2015 10:53:01 AM
Chris Daniel - District Clerk Harris County
Envelope No. 7837989
By: Sarah Anderson
Filed: 11/16/2015 10:53:01 AM

# 2015-68363 / Court: 215

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAM FLORES | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| | § | |
| UNDERWRITERS AT LLOYD'S, | § | |
| LONDON SUBSCRIBING TO | § | |
| POL. #GGA1001294, JOSE ROCHIN, AND | § | HARRIS COUNTY, |
| RONALD WATSON | § | TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes William Flores, hereinafter referred to as "Plaintiff," complaining of Defendants, Underwriters at Lloyd's, London Subscribing to Pol. #GGA1001294, Jose Rochin and Ronald Watson (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, William Flores, is an individual and resident of Texas.

Defendant, Underwriters at Lloyd's, London Subscribing To Pol. # GGA1001294 ("Underwriters"), is an insurance company that, on information and belief, is licensed to conduct the business of insurance in the State of Texas. Underwriters is listed as a surplus lines insurance

carrier with the Texas Department of Insurance. It can, therefore, be served with citation by serving the Commissioner of Insurance, by certified mail, return receipt requested, at 333 Guadalupe, Austin, TX 78701. Underwriters has requested that service of suit be forwarded to Edward T. Smith, Esq. at Mendes & Mount, LLP, 750 Seventh Avenue, New York, NY 10019-6829.

Defendant, Jose Rochin ("Rochin"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 5511 Primrose, Houston, TX 77017, or wherever else he may be found.

Defendant, Ronald Watson ("Watson"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 12119 Chimney Rock, Houston, TX 77035, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Harris County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Harris County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.  Plaintiff is the owner of insurance Policy Number 000829033979 issued by Defendant Underwriters (hereinafter referred to as the "Policy").

B.  Plaintiff owned the insured property, which is specifically located at 3410 Truckee Drive, Houston, Harris County, Texas 77082 on March 16, 2014 (hereinafter referred to as the "Property").

C.  Defendant Underwriters or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.  On or about March 16, 2014, a break-in resulting in theft and vandalism occurred at Plaintiff's home, causing severe damage and loss to Plaintiff's Property. Due to the extent of Plaintiff's damages, Plaintiff had to move out of the Property, as it was inhabitable.

E.  Plaintiff submitted a claim to Underwriters against the Policy for theft and vandalism damage the Property sustained as a result of the break-in.  Plaintiff asked that Underwriters cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.  Defendants have assigned claim number GC140341 to Plaintiff's claim.

G.  Defendant Rochin was the agent for Underwriters and represented Underwriters in regard to Plaintiff's claim. Rochin also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim.  As such, Rochin acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim.  Therefore, Rochin is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the

Texas Insurance Code and the DTPA. Furthermore, Rochin acted as the agent and representative for Underwriters in this claim.

H.     Defendant Rochin improperly adjusted the Plaintiff's claim. Defendant Rochin conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages.[1] His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Rochin misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Rochin made these and other misrepresentations to Plaintiff as well as to Underwriters. Plaintiff and Underwriters both relied on Rochin's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Rochin's misrepresentations caused Underwriters to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Rochin also advised Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property.[3] This advice was negligent and false because it turns out Plaintiff could not properly repair his Property and prevent future damage by following Rochin's advice. Plaintiff's Property has sustained further damages as a result.

I.     On or about August 25, 2014, a second break-in occurred resulting in additional vandalism damage. At the time of the second break-in, Plaintiff was still living outside of his home.

---

[1] *See Exhibit A: Defendant Rochin's Adjustment Report dated May 21, 2014.*
[2] *Id.*
[3] *Id.*

This was due to Defendants still not having paid Plaintiff for the damages from the first theft and vandalism incident on March 16, 2014. Plaintiff, was, therefore, forced to leave his home vacant during the time the second break-in occurred, due to Defendants not having paid Plaintiff for damages from the first claim that were caused by a covered occurrence under the Policy.

J.    Plaintiff submitted a second claim to Underwriters against the Policy for additional vandalism damage the Property sustained as a result of the second break-in.  Plaintiff asked that Underwriters cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

K.    Defendants have assigned claim number GC141282 to Plaintiff's second claim.

L.    Defendants Underwriters and Rochin misrepresented that the damages caused by the vandalism and theft for Plaintiff's first claim were only $6,295.77.[4]   Additionally, Defendants Underwriters and Watson misrepresented that the damages caused by the second break-in were not covered damages under the Policy.[5]   However, Defendants' representations were false because Plaintiff's vandalism and theft damages exceed $94,000.00 and were caused by covered occurrences.

M.    Defendants Underwriters, Rochin and Watson failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

N.    These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

---

[4] *Id.*
[5] *Id.*

O.   Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

P.   Defendant Underwriters failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

Q.   Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

R.   Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(2)(A).

S.   Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  TEX. INS. CODE Section 541.060(a)(3).

T.      Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(4).

U.      Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060 (a)(7).

V.      Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

W.      Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE Section 542.056.

X.      Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment

for him claim.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

Y.   From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Z.   As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

AA.  Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against Underwriters

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Underwriters has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the vandalism and theft.  As a result of the

vandalism and theft and/or ensuing losses from the vandalism and theft, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Defendant's Material Breach Discharges Plaintiffs of All Material Obligations Under the Contract**

Insurance policies are contracts, and as such are subject to rules of contract. *See Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691 (Tex. 1994). The Supreme Court in *Hernandez* clarified that when a party commits a material breach of an insurance contract, the other party is then discharged from any obligations to that contract. *See id.* This is a fundamental principle of contract law; once a party has breached a contract it cannot later try to enforce that same contract. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004).

Here, Defendant cannot seek to enforce a vacancy provision in an insurance contract that it first materially breached, *See id*; *see also Hernandez*, 875 S.W.2d 692–93. Defendant first materially breached by underpaying Plaintiffs' claim, wrongfully denying portions of Plaintiffs' claim, and failing to properly investigate Plaintiffs' claim. This refusal to pay for and properly investigate theft and vandalism damages constitutes a breach of contract. Plaintiff was forced to vacate his home and subsequently remain outside of his home for more than the 60-day vacancy provision allowed under the Policy due to Defendant's failure to pay Plaintiff for damages that were covered under the contract. Since Defendants first materially breached their obligations

under the contract, they cannot therefore, enforce a provision's consequences that they themselves created. Defendant simply does not have the right to pick and choose which Policy provisions it will materially breach and which provisions it will seek to enforce against Plaintiff after Plaintiff has filed suit.

Plaintiff anticipates that Defendant will cite a litany of cases to suggest that anticipatory breach does not *waive* Defendant's right to the vacancy provision. Plaintiff does not disagree with these holdings. However, Defendant cannot point to a single authoritative case proposing that breach does not *discharge* Plaintiff's obligation to go uphold the vacancy provision. Based on all the foregoing, Plaintiff should not be held subject to the vacancy clause and subsequently, Plaintiff's second claim should not have been denied by Defendant.

## C. Cause of Action for Violation of Section 542 Against Underwriters, Rochin and Watson

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

**D. DTPA Cause of Action Against Underwriters, Rochin and Watson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the vandalism and theft would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts,

omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**E.  Cause of Action for Unfair Insurance Practices Against Underwriters, Rochin and Watson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code.  Plaintiff has satisfied all conditions precedent to bringing this cause of action.  By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear.  They further include Defendants' failure to give Plaintiff the benefit of the doubt.  Specifically, Defendants are guilty of the following unfair insurance practices:

A.  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.  Engaging in unfair claims settlement practices;

C.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.   Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**F.   Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against Underwriters, Rochin and Watson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

### G. Cause of Action for Fraud Against Underwriters, Rochin and Watson

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to him detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### H. Cause of Action for Conspiracy Against Underwriters, Rochin and Watson

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that he purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of

court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

**I.  Cause of Action for Aiding and Abetting Against Underwriters, Rochin and Watson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1. Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing.  The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts.  The other Defendant(s) had the intent to assist the primary actor in committing the tort(s).  The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s).  Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental

damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiff. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees

through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

**J. Cause of Action for Negligence and Gross Negligence Against Rochin and Watson**

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendants Rochin and Watson were negligent in giving advice to Plaintiff as to how he could repair him Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair him Property and prevent future damage by following Rochin's and Watson's advice. Plaintiff's Property has sustained further damages as a result. Rochin and Watson owed a duty to use reasonable care when he undertook to advise the Plaintiffs as to how he could repair him Property so as to prevent further damage to the Plaintiff's Property. Defendants Rochin and Watson breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendants Rochin and Watson.

**K. Cause of Action for Negligent Misrepresentation Against Rochin and Watson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendants Rochin and Watson constitute negligent misrepresentations that have caused damages to Plaintiff. Rochin and Watson made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendants had an interest. The Defendants

supplied false information for the guidance of others, including Plaintiff. The Defendants did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendants' negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants Rochin and Watson.

Plaintiff seeks herein, as a result of Defendants' negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus

prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $200,000.00 but not more than $1,000,000.00.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

### IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

### X.  EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

### XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees under Chapter 38

of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiffs asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____

BEN CROWELL
Texas State Bar No. 24087360
bcrowell@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED William Flores v. Underwriters At Lloyd's London Subscribing To Pol. #GGA1001294, Jose Rochin and Ronald Watson

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Todd A. Worrich <br><br> Email: todd@speightsfirm.com | Plaintiff(s)/Petitioner(s): <br> William Flores | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: |
| Address: 1350 North Loop 1604 East Suite 104 <br><br> Telephone: 210-495-6789 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, TX 78232 <br><br> Fax: 210-495-6790 | Defendant(s)/Respondent(s): <br> Underwriters At Lloyd's London Subscribing To Pol. #GGA1001294, Jose Rochin and Ronald Watson | Custodial Parent: <br><br> Non-Custodial Parent: |
| Signed: _____ <br><br> State Bar No: 24037740 | | Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** |
| Debt/Contract | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | **Divorce** |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children |
| | ☐ Legal | | |
| *Foreclosure* | ☐ Medical | | |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** |
| ☐ Other Foreclosure | | ☐ Expunction | ☐ Enforce Foreign Judgment |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Habeas Corpus |
| ☐ Insurance | ☐ Premises | ☐ Non-Disclosure | ☐ Name Change |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Protective Order |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Other: | ☐ Other: |
| ☐ Other Contract: | | | |
| | ☐ Other Injury or Damage: | | |

| **Employment** | **Other Civil** | | **Parent-Child Relationship** |
|---|---|---|---|
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | ☐ Adoption/Adoption with Termination |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | ☐ Child Protection |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | ☐ Child Support |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | ☐ Custody or Visitation |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | ☐ Gestational Parenting |
| | | | ☐ Grandparent Access |
| | | | ☐ Parentage/Paternity |
| | | | ☐ Termination of Parental Rights |
| | | | ☐ Other Parent-Child: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

11/16/2015 10:53:01 AM <br> Chris Daniel - District Clerk <br> Harris County <br> Envelope No. 8378989 <br> By: DESHANA SMART <br> Filed: 11/16/2015 10:53:01 AM

11/16/2015 10:53:01 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 7837989
By: ANDERSON, SARAH A
Filed: 11/16/2015 10:53:01 AM

## 2015-68363 / Court: 215

| GCCS | **Gulf Coast Claims Service** |
| 1 9 0 0 | |

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817

| Insured: | William Flores |
| Property: | 3410 Truckee Drive |
| | Houston, TX 77082 |

| Claim Rep.: | Gulfcoast Claims Services | Business: | (713) 723-9434 |
| Business: | 11505 Chimney Rock Rd | E-mail: | jose.rochin@gulfcoastclaims.com |
| | Houston, TX 77035 | | |

| Estimator: | Gulfcoast Claims Services | Business: | (713) 723-9434 |
| Business: | 11505 Chimney Rock Rd | | |
| | Houston, TX 77035 | | |

| Claim Number: GC140341 | Policy Number: | Type of Loss: |

| Date of Loss: | 3/16/2014 | Date Received: |
| Date Inspected: | 3/25/2014 | Date Entered: |

| Price List: | TXHO7X_JAN14 |
| | Restoration/Service/Remodel |
| Estimate: | FLORES_REVISED |





**GCCS** | **Gulf Coast Claims Service**

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817

### FLORES_REVISED

**Main Level**



**Laundry Room**                                                                 Height: 8'

228.00 SF Walls                          46.34 SF Ceiling
274.34 SF Walls & Ceiling                46.34 SF Floor
5.15 SY Flooring                         28.50 LF Floor Perimeter
28.50 LF Ceil. Perimeter

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile - Heavy clean | 46.34 SF | 0.62 | 28.73 | <0.00> | 28.73 |
| Drywall patch / repair  ready for paint* | 1.00 EA | 58.78 | 58.78 | <0.00> | 58.78 |
| Texture drywall - light hand texture | 10.00 SF | 0.36 | 3.60 | <0.00> | 3.60 |
| Protect contents - Cover with plastic | 1.00 SF | 0.24 | 0.24 | <0.00> | 0.24 |
| R&R Door unit - Standard grade* | 1.00 EA | 141.92 | 141.92 | <38.00> | 103.92 |
| R&R Door lockset - exterior - Standard grade | 1.00 EA | 43.06 | 43.06 | <6.58> | 36.48 |
| Seal/prime then paint part of the walls (2 coats) - 2 colors | 114.00 SF | 1.10 | 125.40 | <37.62> | 87.78 |
| **Totals: Laundry Room** | | | **401.73** | **82.20** | **319.53** |



**Living Room**                                                                  Height: 8'

800.78 SF Walls                          496.93 SF Ceiling
1297.71 SF Walls & Ceiling               496.93 SF Floor
55.21 SY Flooring                        99.08 LF Floor Perimeter
105.17 LF Ceil. Perimeter

**Missing Wall:**      1 - 6' 1" X 6' 8"      Opens into KITCHEN_DINI      Goes to Floor

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile - Heavy clean | 496.93 SF | 0.62 | 308.10 | <0.00> | 308.10 |
| Protect contents - Cover with plastic | 496.93 SF | 0.24 | 119.26 | <0.00> | 119.26 |
| Drywall patch / repair  ready for paint* | 1.00 EA | 58.78 | 58.78 | <0.00> | 58.78 |
| Seal/prime then paint part of the walls (2 coats) - 2 colors | 400.39 SF | 1.10 | 440.43 | <176.17> | 264.26 |
| **Totals: Living Room** | | | **926.57** | **176.17** | **750.40** |

FLORES_REVISED                                      5/21/2014              Page: 2

**GCCS** **Gulf Coast Claims Service**

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817



| Master Bedroom | | | | | Height: 8' |
|---|---|---|---|---|---|
| 551.28 | SF Walls | | 304.98 | SF Ceiling | |
| 856.26 | SF Walls & Ceiling | | 304.98 | SF Floor | |
| 33.89 | SY Flooring | | 68.29 | LF Floor Perimeter | |
| 72.00 | LF Ceil. Perimeter | | | | |

**Missing Wall:** 1 - 3' 8 1/2" X 6' 8"   Opens into MSTRBATH   Goes to Floor

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Contents - move out then reset - Large room | 1.00 EA | 59.36 | 59.36 | <0.00> | 59.36 |
| R&R Carpet pad - Standard grade | 304.98 SF | 0.50 | 152.49 | <48.80> | 103.69 |
| Detach & Reset Baseboard - 2 1/4" | 68.29 LF | 2.05 | 139.99 | <42.00> | 97.99 |
| Seal & paint baseboard - two coats | 68.29 LF | 0.86 | 58.73 | <17.62> | 41.11 |
| Remove Carpet - Standard grade | 304.98 SF | 0.22 | 67.10 | <0.00> | 67.10 |
| Carpet - Standard grade | 350.73 SF | 2.21 | 775.11 | <310.04> | 465.07 |
| 15 % waste added for Carpet - Standard grade. | | | | | |

| Totals:  Master Bedroom | | | 1,252.78 | 418.46 | 834.32 |
|---|---|---|---|---|---|



| Hall bath | | | | | Height: 8' |
|---|---|---|---|---|---|
| 188.00 | SF Walls | | 30.68 | SF Ceiling | |
| 218.68 | SF Walls & Ceiling | | 30.68 | SF Floor | |
| 3.41 | SY Flooring | | 23.50 | LF Floor Perimeter | |
| 23.50 | LF Ceil. Perimeter | | | | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Clean floor - tile - Heavy clean | 30.68 SF | 0.62 | 19.02 | <0.00> | 19.02 |
| Drywall patch / repair  ready for paint* | 1.00 EA | 58.78 | 58.78 | <0.00> | 58.78 |
| Texture drywall - light hand texture | 10.00 SF | 0.36 | 3.60 | <0.00> | 3.60 |
| Seal/prime then paint part of the walls (2 coats) - 2 colors | 94.00 SF | 1.10 | 103.40 | <31.02> | 72.38 |

| Totals:  Hall bath | | | 184.80 | 31.02 | 153.78 |
|---|---|---|---|---|---|

Unofficial Copy Office of Chris Daniel District Clerk



**Gulf Coast Claims Service**

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817



| **Stairs** | | **Height: 17'** |
|---|---|---|
| 170.11 SF Walls | | 16.96 SF Ceiling |
| 187.07 SF Walls & Ceiling | | 31.60 SF Floor |
| 3.51 SY Flooring | | 13.64 LF Floor Perimeter |
| 11.50 LF Ceil. Perimeter | | |

| Missing Wall: | 1 - | 3' 1" X 17' | Opens into HALL | Goes to Floor/Ceiling |
|---|---|---|---|---|



| **Subroom 1: LANDING** | | **Height: 17'** |
|---|---|---|
| 187.99 SF Walls | | 23.53 SF Ceiling |
| 211.52 SF Walls & Ceiling | | 23.53 SF Floor |
| 2.61 SY Flooring | | 15.04 LF Floor Perimeter |
| 15.04 LF Ceil. Perimeter | | |

| Missing Wall: | 1 - | 3' X 17' | Opens into STAIRS2 | Goes to Floor/Ceiling |
|---|---|---|---|---|
| Missing Wall: | 1 - | 3' 1" X 17' | Opens into STAIRS | Goes to Floor/Ceiling |



| **Subroom 2: STAIRS2** | | **Height: 17'** |
|---|---|---|
| 116.27 SF Walls | | 16.50 SF Ceiling |
| 132.77 SF Walls & Ceiling | | 30.75 SF Floor |
| 3.42 SY Flooring | | 13.84 LF Floor Perimeter |
| 11.33 LF Ceil. Perimeter | | |

| Missing Wall: | 1 - | 3' X 17' | Opens into LANDING | Goes to Floor/Ceiling |
|---|---|---|---|---|
| Missing Wall: | 1 - | 3' X 17' | Opens into HALL | Goes to Floor/Ceiling |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| R&R Carpet pad - Standard grade | 85.89 SF | 0.50 | 42.95 | <10.31> | 32.64 |
| Remove Carpet - Standard grade | 85.89 SF | 0.22 | 18.90 | <0.00> | 18.90 |
| Carpet - Standard grade | 98.77 SF | 2.21 | 218.28 | <76.40> | 141.88 |
| 15 % waste added for Carpet - Standard grade. | | | | | |
| Seal & paint baseboard - two coats | 42.52 LF | 0.86 | 36.57 | <10.97> | 25.60 |
| **Totals: Stairs** | | | **316.70** | **97.68** | **219.02** |

Unofficial Copy Official Copy of Chris Daniel District Clerk



**Gulf Coast Claims Service**

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817



**Hallway**                                                                    Height: 8'

| | |
|---|---|
| 320.87 SF Walls | 81.17 SF Ceiling |
| 402.05 SF Walls & Ceiling | 81.17 SF Floor |
| 9.02 SY Flooring | 40.11 LF Floor Perimeter |
| 46.19 LF Ceil. Perimeter | |

Missing Wall:     1 -      3' X 8'          Opens into STAIRS2          Goes to Floor/Ceiling
Missing Wall:     1 -      3' 1" X 8'        Opens into STAIRS           Goes to Floor/Ceiling

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Seal & paint baseboard - two coats | 40.11 LF | 0.86 | 34.49 | <10.35> | 24.14 |
| R&R Carpet pad - Standard grade | 81.17 SF | 0.50 | 40.59 | <9.74> | 30.85 |
| Remove Carpet - Standard grade | 81.17 SF | 0.22 | 17.86 | <0.00> | 17.86 |
| Carpet - Standard grade | 93.35 SF | 2.21 | 206.30 | <72.21> | 134.09 |
| 15 % waste added for Carpet - Standard grade. | | | | | |

| Totals: Hallway | | | 299.24 | 92.30 | 206.94 |
|---|---|---|---|---|---|



**Closet 2**                                                                   Height: 8'

| | |
|---|---|
| 131.01 SF Walls | 13.44 SF Ceiling |
| 144.45 SF Walls & Ceiling | 13.44 SF Floor |
| 1.49 SY Flooring | 16.38 LF Floor Perimeter |
| 16.38 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| R&R Carpet pad - Standard grade | 13.44 SF | 0.50 | 6.72 | <1.61> | 5.11 |
| Remove Carpet - Standard grade | 13.44 SF | 0.22 | 2.96 | <0.00> | 2.96 |
| Carpet - Standard grade | 15.46 SF | 2.21 | 34.17 | <13.67> | 20.50 |
| 15 % waste added for Carpet - Standard grade. | | | | | |
| R&R Baseboard - 2 1/4" | 16.38 LF | 2.45 | 40.13 | <10.37> | 29.76 |
| Seal & paint baseboard - two coats | 16.38 LF | 0.86 | 14.09 | <2.82> | 11.27 |

| Totals:  Closet 2 | | | 98.07 | 28.47 | 69.60 |
|---|---|---|---|---|---|

**GCCS** Gulf Coast Claims Service

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817



**2nd bedroom**                                                          Height: 8'

| | | |
|---|---|---|
| 437.80 SF Walls | | 156.98 SF Ceiling |
| 594.77 SF Walls & Ceiling | | 156.98 SF Floor |
| 17.44 SY Flooring | | 54.72 LF Floor Perimeter |
| 54.72 LF Ceil. Perimeter | | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Contents - move out then reset - Large room | 1.00 EA | 59.36 | 59.36 | <0.00> | 59.36 |
| Seal & paint baseboard - two coats | 54.72 LF | 0.86 | 47.06 | <14.12> | 32.94 |
| R&R 1/2" drywall - hung, taped, ready for texture | 32.00 SF | 1.54 | 49.28 | <7.68> | 41.60 |
| Texture drywall - hand light texture* | 20.00 SF | 0.78 | 15.60 | <0.00> | 15.60 |
| Seal/prime then paint the ceiling (2 coats) - 2 colors | 156.98 SF | 1.10 | 172.68 | <51.80> | 120.88 |
| R&R Carpet pad - Standard grade | 156.98 SF | 0.50 | 78.49 | <18.84> | 59.65 |
| Remove Carpet - Standard grade | 156.98 SF | 0.22 | 34.54 | <0.00> | 34.54 |
| Carpet - Standard grade | 180.53 SF | 2.21 | 398.97 | <139.64> | 259.33 |
| 15 % waste added for Carpet - Standard grade. | | | | | |
| R&R Baseboard - 2 1/4" | 54.72 LF | 2.45 | 134.06 | <34.64> | 99.42 |
| Seal & paint baseboard - two coats | 54.72 LF | 0.86 | 47.06 | <9.41> | 37.65 |
| **Totals: 2nd bedroom** | | | **1,037.10** | **276.13** | **760.97** |



**Vanity Area**                                                          Height: 8'

| | | |
|---|---|---|
| 147.97 SF Walls | | 21.24 SF Ceiling |
| 169.21 SF Walls & Ceiling | | 21.24 SF Floor |
| 2.36 SY Flooring | | 18.50 LF Floor Perimeter |
| 18.50 LF Ceil. Perimeter | | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| R&R Wallpaper - Standard grade | 147.97 SF | 2.16 | 319.61 | <83.90> | 235.71 |
| **Totals: Vanity Area** | | | **319.61** | **83.90** | **235.71** |

Unofficial Copy Office of Chris Daniel District Clerk



**Gulf Coast Claims Service**

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817

| Mics | | | | | Height: 8' |
|------|------|------|------|------|------|
| | 137.31 | SF Walls | | 14.77 | SF Ceiling |
| | 152.08 | SF Walls & Ceiling | | 14.77 | SF Floor |
| | 1.64 | SY Flooring | | 17.16 | LF Floor Perimeter |
| | 17.16 | LF Ceil. Perimeter | | | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|-------------|----------|-----------|-----|---------|-----|
| Haul debris - per pickup truck load - including dump fees | 2.00 EA | 111.09 | 222.18 | <0.00> | 222.18 |
| **Totals: Mics** | | | **222.18** | **0.00** | **222.18** |
| **Total: Main Level** | | | **5,058.78** | **1,286.33** | **3,772.45** |
| Line Item Totals: FLORES_REVISED | | | 5,058.78 | 1,286.33 | 3,772.45 |

**Grand Total Areas:**

| | | | | | | |
|------|------|------|------|------|------|------|
| 5,907.67 | SF Walls | 2,210.38 | SF Ceiling | 8,118.05 | SF Walls and Ceiling | |
| 2,239.28 | SF Floor | 248.81 | SY Flooring | 718.42 | LF Floor Perimeter | |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 739.44 | LF Ceil. Perimeter | |
| 2,239.28 | Floor Area | 2,391.41 | Total Area | 5,294.71 | Interior Wall Area | |
| 2,930.25 | Exterior Wall Area | 325.58 | Exterior Perimeter of Walls | | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length | |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | | |

Unofficial Copy office of Chris Daniel District Clerk



**Gulf Coast Claims Service**

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817

### Summary for Dwelling

| | | | | |
|---|---|---|---|---:|
| Line Item Total | | | | 5,058.78 |
| Material Sales Tax | @ | 8.250% x | 1,888.22 | 155.78 |
| Cleaning Mtl Tax | @ | 8.250% x | 28.70 | 2.37 |
| Subtotal | | | | 5,216.93 |
| Overhead | @ | 10.0% x | 5,216.93 | 521.69 |
| Profit | @ | 10.0% x | 5,216.93 | 521.69 |
| Cleaning Sales Tax | @ | 8.250% x | 429.86 | 35.46 |
| **Replacement Cost Value** | | | | **$6,295.77** |
| Less Depreciation | | | | (1,609.40) |
| **Actual Cash Value** | | | | **$4,686.37** |
| Less Deductible | | | | (1,450.00) |
| **Net Claim** | | | | **$3,236.37** |

Gulfcoast Claims Services

Unofficial Copy Office of Chris Daniel District Clerk

 **Gulf Coast Claims Service**

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817

## Recap by Room

**Estimate: FLORES_REVISED**

Area:  **Main Level**

| | | |
|---|---:|---:|
| Laundry Room | 401.73 | 7.94% |
| Living Room | 926.57 | 18.32% |
| Master Bedroom | 1,252.78 | 24.76% |
| Hall bath | 184.80 | 3.65% |
| Stairs | 316.70 | 6.26% |
| Hallway | 299.24 | 5.92% |
| Closet 2 | 98.07 | 1.94% |
| 2nd bedroom | 1,037.10 | 20.50% |
| Vanity Area | 319.61 | 6.32% |
| Mics | 222.18 | 4.39% |
| **Area Subtotal:  Main Level** | **5,058.78** | **100.00%** |
| **Subtotal of Areas** | **5,058.78** | **100.00%** |
| **Total** | **5,058.78** | **100.00%** |

Unofficial Copy Office of Chris Daniel District Clerk



**Gulf Coast Claims Service**

11505 Chimney Rock Rd.
Houston, TX 77035
713-723-9434
Fax:713-723-9817

## Recap by Category with Depreciation

| O&P Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| CLEANING | | | 355.85 | | 355.85 |
| CONTENT MANIPULATION | | | 238.22 | | 238.22 |
| GENERAL DEMOLITION | | | 568.15 | | 568.15 |
| DOORS | | | 126.67 | 38.00 | 88.67 |
| DRYWALL | | | 237.54 | 7.68 | 229.86 |
| FLOOR COVERING - CARPET | | | 1,889.82 | 701.26 | 1,188.56 |
| FINISH CARPENTRY / TRIMWORK | | | 290.01 | 87.01 | 203.00 |
| FINISH HARDWARE | | | 32.90 | 6.58 | 26.32 |
| PAINTING | | | 1,079.91 | 361.90 | 718.01 |
| WALLPAPER | | | 239.71 | 83.90 | 155.81 |
| O&P Items Subtotal | | | 5,058.78 | 1,286.33 | 3,772.45 |
| Material Sales Tax | @ | 8.250% | 155.78 | 54.83 | 100.95 |
| Cleaning Mtl Tax | @ | 8.250% | 2.37 | | 2.37 |
| Overhead | @ | 10.0% | 521.69 | 134.12 | 387.57 |
| Profit | @ | 10.0% | 521.69 | 134.12 | 387.57 |
| Cleaning Sales Tax | @ | 8.250% | 35.46 | | 35.46 |
| Total | | | 6,295.77 | 1,609.40 | 4,686.37 |

FLORES_REVISED

5/21/2014          Page: 10



Unofficial Copy Office of Chris Daniel District Clerk

Main Level

Main Level

5/21/2014

Page: 11

FLORES_REVISED

Envelope No. 8316534
By: Charlie Tezeno
Filed: 12/21/2015 9:40:29 AM

CAUSE NO. 2015-68363

| | | |
|---|---|---|
| **WILLIAM FLORES** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **UNDERWRITERS AT LLOYD'S** | § | |
| **LONDON SUBSCRIBING TO POL.** | § | |
| **#GGA1001294, JOSE ROCHIN and** | § | |
| **RONALD WATSON** | § | |
| | § | |
| **Defendants.** | § | **215th DISTRICT COURT** |

## DEFENDANTS' UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POL. #GGA1001294, JOSE ROCHIN and RONALD WATSON ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, SPECIAL EXCEPTIONS, AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO

POLICY # GGA1001294, JOSE ROCHIN and RONALD WATSON (sometimes collectively

referred to herein as "Defendants"), Defendants in the above-entitled and numbered cause and

file this, their Original Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Original

Petition, and would respectfully show the Court and jury as follows:

I.

Subject to such stipulations as may hereafter be made, Defendants assert a general denial

as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that

Plaintiff be required to prove his charges and allegations against Defendants by a preponderance

of the evidence as is required by the Constitution and laws of the State of Texas.

2141042v.1

II.

Pleading further, and in the alternative, Defendants state that the occurrence in question as well as the damages complained of herein were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff.  By reason thereof, Defendants state that their legal liability herein, if any, is as prescribed under the provisions of the TEXAS CIVIL PRACTICE & REMEDIES CODE, § 33.001 *et seq.*

III.

Pleading further, and in the alternative, Defendants assert that the Plaintiff's claims are barred in whole or in part by Plaintiff's failure to comply with conditions precedent to recovery, including timely providing pre-suit notice of their claims, and completion of an appraisal.

IV.

Pleading further, and in the alternative, Defendants assert that Plaintiff's claims are barred because of his failure to mitigate damages.

V.

Pleading further and in the alternative, Defendants assert that Plaintiff's claims were the result of a bona fide controversy with respect to coverage and the amounts of the allegedly covered losses.

2141042v.1

## VI.

Pleading further, and in the alternative, Defendants would show that to the extent that Plaintiff has been paid on his claims, Defendants are entitled to a credit as to all payments made to Plaintiff on the claims made the basis of this suit.

## VII.

Pleading further, and in the alternative, Defendants would show that to the extent that Plaintiff's alleged damages were the result of both covered and non-covered risks of loss, then Plaintiff bears the burden of segregating the damages and proving the amount of damage resulting solely from a covered cause of loss.

## VIII.

Pleading further, and in the alternative, Defendants plead that with respect to Plaintiff's claims for exemplary or additional damages such damages are limited under the laws and statutes of the State of Texas, including, but not limited to the provisions of §41.002 – 41.009 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, §541.152 of the TEXAS INSURANCE CODE, and §17.50 of the TEXAS BUSINESS AND COMMERCE CODE.

## IX.

Pleading further, and in the alternative, Defendants would show that the loss in question was not caused, in whole or in part, by a risk covered under the Policy issued to Plaintiff and made the basis of this suit.

X.

Pleading further, and in the alternative, Defendants would show that the Policy issued to Plaintiff and made the basis of this suit contains certain limitations and exclusions, which are applicable to the loss in question and which therefore limit or exclude Plaintiff's entitlement to any recovery, including but not limited to, the policy limit stated in the Policy for such losses, and the requirements for depreciation and deductibles applicable to Plaintiff's claims.

XI.

Pleading further and in the alternative, Defendants invoke the provisions of Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning all claims of gross negligence and exemplary damages including but not limited to: 41.003(b) clear and convincing evidence burden of proof; 41.003(a) and 41.001(7)(b) definition or culpable acts or omissions; 41.003(c) proximate causation; 41.003(d) requiring a unanimous finding by the jury as to liability and amount of exemplary damages;   41.007 and 41.008 limitation on recovery and pre-judgment interest; and 41.009 bifurcation for the trial of these issues.

XII.

Pleading further and in the alternative, Defendants further assert that Plaintiff cannot recover punitive damages because present Texas law under which such damages are sought is impermissibly vague, imprecise and inconsistent and is in violation of the due process clause of the United States Constitution as well as the Fifth and Fourteenth Amendments.  To the extent he seeks recovery of punitive damages, Plaintiff's Petition violates Defendants' rights to equal protection as provided in Article I, Section 3 of the Texas Constitution and the Fourteenth

Amendment to the United States Constitution.  To the extent Plaintiff seeks recovery of punitive damages, it is an excessive fine and violates Defendants' rights under Article I, Section 13 of the Texas Constitution.  To the extent he seeks recovery of punitive damages, Plaintiff's Petition violates Defendants' rights to substantive and procedural due process as provided in Article I, Section 19 of the Texas Constitution.

XIII.

Pleading further, and in the alternative, Defendants would show that Plaintiff's claims are barred under the Vacancy condition of the policy which provides as follows:

13.  **Vacancy**.  If the **insured** moves from the dwelling and a substantial part of the personal property is removed from that dwelling, the dwelling will be considered vacant.  Coverage that applies under Coverage A (Dwelling) will be suspended effective 60 days after the dwelling becomes vacant.  This coverage will remain suspended during such vacancy.

XIV.

Pleading further and in the alternative, Defendants assert that the provisions of §542.060 et seq of the Texas Insurance Code known as the Texas Prompt Payment of Claims Act is unconstitutional under the open courts provision of the Texas Constitution, Tex. Const. art. I, §13 because it penalizes Defendant Underwriters at Lloyd's London subscribing to Pol. # GGA1001294  for exercising its right to have its defenses to Plaintiff's common law contractual claims heard and considered by a Court and/or jury.

XVII.

Pleading further and in the alternative, Defendants assert that Plaintiff's Original Petition fails to state a claim for which relief can be given.

## SPECIAL EXCEPTIONS

Having answered the allegations made by Plaintiff, Defendants now assert the following Special Exceptions to Plaintiff's Original Petition:

1.      Defendants specially except to Plaintiff's allegations in Paragraph VI J wherein Plaintiff seeks to assert a cause of action for "Negligence and Gross Negligence" against Defendants Rochin and Watson because claims of negligent adjusting are not cognizable under Texas law. Moreover, Plaintiff fails to adequately identify the statements or "advice" allegedly made which serve as the basis of this claim and provide fair notice to Defendants of the basis for this claim.

2.      Defendants specially except to Plaintiff's allegations in Paragraph VI K wherein Plaintiff seeks to assert a cause of action against Defendants Rochin and Watson for "Negligent Misrepresentation" because claims of negligent adjusting are not cognizable under Texas law. Moreover, Plaintiff fails to adequately identify the "representations" or "statements" allegedly made which serve as the basis of this claim and provide fair notice to Defendants of the basis for this claim.

## JURY DEMAND

Defendants hereby request a trial by Jury.   A Jury fee is being tendered contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendants, UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY # GGA1001294, JOSE ROCHIN and RONALD WATSON pray Plaintiff takes nothing by reason of this suit and that Defendants be allowed to go hence without delay and recover all costs. Defendants further pray for all such other and further relief, general and special, at law and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP.

/s/ Jeffrey L. Hoffman
Jeffrey L. Hoffman
Texas State Bar No. 09781770
Jeff.hoffman@wilsonelser.com
909 Fannin, Suite 3300
Houston, Texas 77010-1011
(713) 353-2000
(713) 785-7780 – Fax

**ATTORNEYS FOR DEFENDANTS UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY # GGA1001294, JOSE ROCHIN and RONALD WATSON**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served under Rules 21 and 21a, Texas Rules of Civil Procedure, by E-File, Hand Delivery, Certified Mail, Return Receipt Requested, regular mail and/or facsimile, on December 21, 2015, upon the following counsel-of record:

Ben Crowell
SPEIGHTS & WORRICH
1350 North loop 1604 E., Suite 104
San Antonio, Texas 78232
*Via Facsimile: (210) 495-6790*

/s/ Jeffrey L. Hoffman
Jeffrey L. Hoffman

2141042v.1